UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| VESTIS SERVICES, LLC, | Case No. 3:24-cv-00249 |
| Plaintiff, | |
| | District Judge Michael J. Newman |
| vs. | Magistrate Judge Caroline H. Gentry |
| DCP TOOL MANUFACTURING, LLC, *et al.*, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

On August 22, 2025, the Court ordered Plaintiff Vestis Services, LLC to file a renewed motion for default judgment or show cause by no later than September 20, 2025, why its claims against Defendant USA Freight, LLC ("Defendant")[1] should not be dismissed. (Second Show Cause Order, Doc. No. 23.) For the reasons discussed below, the undersigned Magistrate Judge recommends that Plaintiff's claims against Defendant USA Freight be dismissed without prejudice.

Plaintiff filed its Complaint on September 12, 2024. (Doc. No. 1.) Defendant was served on March 19, 2025. (Return of Service, Doc. No. 17.) Although Defendant's answer to the Complaint was due no later than April 9, 2025, Defendant did not file an

---

[1] Plaintiff initially named six defendants in the Complaint. (Doc. No. 1 at PageID 1-2.) Plaintiff thereafter voluntarily dismissed five of those defendants. (Notice of Voluntary Dismissal of Certain Defendants (Imperial Electric Company and Nidec Motor Corporation), Doc. No. 11; Stipulation of Voluntary Dismissal of First Tool Corporation and Robert J. Davis, Trustee, Doc. No. 13; Response to Order to Show Cause and Notice of Voluntary Dismissal of Defendant DCP Tool Manufacturing, LLC, Doc. No. 15.) Defendant USA Freight, LLC is the only remaining defendant.

1

answer. Plaintiff was therefore required to request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a); S.D. Ohio Civ. R. 55.1(a). When Plaintiff did not do so, the Court ordered Plaintiff to show cause, no later than May 26, 2025, why its claims should not be dismissed for failure to prosecute. (First Show Cause Order, Doc. No. 18.)

In response to the First Order to Show Cause, Plaintiff filed a Motion for Default Judgment on May 27, 2025. (Doc. No. 19.) On June 25, 2025, District Judge Newman denied Plaintiff's Motion for Default Judgment and directed Plaintiff to seek an entry of default. (Doc. No. 20). Plaintiff thereafter filed an Application for Entry of Default on July 9, 2025. (Doc. No. 21.) The Clerk of Court entered Defendant's default on July 10, 2025. (Doc. No. 22.) However, Plaintiff did not file a renewed motion for a default judgment as was required by Federal Rule of Civil Procedure 55(b) and Southern District of Ohio Civil Rule 55.1(b).

Accordingly, the Court ordered Plaintiff "to file a motion for a default judgment, or else show cause in writing why this matter should not be dismissed for failure to prosecute, by September 20, 2025." (Second Show Cause Order, Doc. No. 23.) The Court warned Plaintiff that "**FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DISMISS THIS CASE.**" (*Id.* (emphasis in original).) Plaintiff failed to respond to the Second Show Cause Order and the deadline for doing so has now expired.

District courts have the power to dismiss civil actions *sua sponte* for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Significantly, a

district court may dismiss an action where "the plaintiff has failed 'to prosecute or to comply with these rules or a court order'" and the party "has actual 'notice that dismissal is contemplated.'" *Bonanno v. Virginia*, 2023 U.S. App. LEXIS 6768, at *5 (6th Cir. 2023) (citing Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

Here, Plaintiff's claims against Defendant should be dismissed for two reasons: 1) Plaintiff failed to file a renewed motion for a default judgment; and 2) Plaintiff failed to comply with the Second Show Cause Order. Each deficiency constitutes a failure to prosecute that warrants dismissal. *See Bonanno*, 2023 U.S. App. LEXIS 6768, at *5-7 (failure to request entry of default); *Jourdan*, 951 F.2d at 109–10 (repeated failure to abide by deadlines set by the Court). And because the Court warned Plaintiff in the Second Show Cause Order that failure to comply could result in dismissal, Plaintiff received "notice that dismissal is contemplated." *Harris*, 844 F.2d at 1256.

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed without prejudice for failure to prosecute.

**IT IS SO RECOMMENDED**.

*s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Report and Recommendation ("Report"). Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).